

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

M. C. DAWSON,                                          :

        Plaintiff,                                   :

        vs.                                          :           CIVIL ACTION NO. CV604-145

ANDREW ROUNDTREE; JOAN                                 :
DEVAUX; JENEIL PARKER;                                 :
TARMARSHE SMITH; MATTHEW                               :
TOMPKINS, and Officer AUSTIN,                          :

        Defendants.                                  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C.A. § 1983 contesting his medical treatment during confinement. Plaintiff filed a Motion for Summary Judgment (Doc. No. 38), to which Defendants Roundtree, DeVaux, Parker, T. Smith, Tompkins, and Austin ("Defendants") filed a Response (Doc. No. 48), as well as a "Response to 'Notes' Attached to Plaintiff's Motion for Summary Judgment" (Doc. No. 42). Defendants subsequently filed a Motion for Summary Judgment (Doc. No. 44), as well as a "Supplement to [their] Motion for Summary Judgment" (Doc. No. 49). Plaintiff filed a Response (Doc. No. 50) to Defendants' Motion. For the following reasons, Plaintiff's Motion for Summary Judgement should be **DENIED,** and Defendants' Motion for Summary Judgment should be **GRANTED**.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff states that he threw water into Officer Joan DeVaux's face. Plaintiff contends that in response, Defendants DeVaux, Parker, T. Smith, Tompkins, and Austin beat him severely. Plaintiff contends that the assault was so severe that he lost hearing in his left ear, fractured his sternum, and started experiencing panic attacks. Plaintiff contends that Defendant Roundtree, a GSP counselor, refused to respond to his informal grievance when he filed it against these correctional officers for assaulting him.

Defendants do not contest that they used force against Plaintiff; however, Defendants aver that the degree of force used against him was appropriate and necessary. Defendants contend that Plaintiff did not suffer a sufficient actual physical injury to satisfy the requirements of the Prison Litigation Reform Act ("PLRA"). Defendant Roundtree avers that he never received Plaintiff's informal grievance. Defendants also allege that Plaintiff did not exhaust his administrative remedies.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56©); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The Court must determine "'whether the

AO 72A
(Rev. 8/82)

evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

I.     **Plaintiff's Excessive Force Claim Against Defendants DeVaux, Parker, T. Smith, Tompkins, and Austin.**

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 (PLRA), sets forth the procedures a prisoner must follow to exercise this fundamental right. Id. Section 1997e(a) provides:

3

AO 72A
(Rev. 8/82)

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Id. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

In the instant case, Defendants DeVaux, Parker, T. Smith, Tompkins, and Austin contend that Plaintiff's claims of excessive force fail on the merits. These Defendants assert that Plaintiff has suffered no actual injury as required by the PLRA. These Defendants aver that Plaintiff's injuries are only de minimus injuries. These Defendants also assert that Plaintiff has failed to exhaust his administrative remedies for the claims brought against them.

Plaintiff contends that there is no material fact at issue regarding Defendants' actions. Plaintiff avers that Defendants DeVaux, Parker, T. Smith, Tompkins, and Austin did not act with a "good faith motive to restore discipline," but rather applied unnecessary excessive force. (Doc. No. 38, p. 3.) Plaintiff avers that he suffered a fractured sternum,

4

injured his eardrum, and lost hearing in his left ear. In his Response to Defendants' Motion for Summary Judgment, Plaintiff asserts that they did not comply with his discovery requests, and they have refused to provide requested documentation which supports his allegations.[1]

Georgia Department of Corrections Standard Operating Procedures ("SOP") IIB05-0001 allows a prisoner 10 days after an incident to file an informal grievance. (Doc. No. 46, Def.'s Ex. A at p. 6.) An Inmate shall receive a receipt from the counselor after submitting his informal grievance. Id. The informal grievance must contain only a single issue or incident. Id. A written response regarding an informal grievance will be provided within ten (10) days. Id. at 6. After receiving written resolution of his informal grievance, the inmate has five (5) business days to fill out and sign his formal grievance. Id. at 7. The Warden will review the grievance and may request further investigation at the institutional level or by the international investigation division. Id. All formal grievances may be appealed within five (5) business days of receiving the formal grievance determination. Id. at 8.

In the instant case, Plaintiff failed to exhaust his administrative remedies. Based on the records both parties provided, Plaintiff filed an informal grievance approximately eighteen (18) days after the alleged incident occurred. (Doc. No. 39, p. 9; Doc. No. 44, Def. Ex. B.) However, this grievance form did not discuss the excessive force claim Plaintiff currently alleges. (Id.) After Defendant Roundtree rejected this grievance, Plaintiff also filed a formal grievance which is the first grievance involving the alleged incident at

---

[1] In an Order dated August 2, 2005 (Doc. No. 33), the undersigned determined that Defendants properly complied with Plaintiff's discovery requests. After further review of the record, this determination stands.

AO 72A
(Rev. 8/82)

issue. (Id. at 7.) Defendant Roundtree also rejected Plaintiff's formal grievance because it contained more than one issue. (Id.) Plaintiff does not present any evidence that he filed an appeal of his formal grievance after receiving notice of its rejection. A prisoner must follow established rules for the administrative grievance process to successfully exhaust his administrative remedies. See Johnson v. Meadows, 418 F.3d 1152, 1157-58 (11th Cir. 2205) (discussing Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002)). Plaintiff failed to exhaust his administrative remedies on the claims made against Defendants DeVaux, Parker, T. Smith, Tompkins, and Austin.

## II.    Plaintiff's Access to the Courts Claim Against Defendant Roundtree

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822, 97 S. Ct. 1491, 1495, 52 L. Ed. 2d 72 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822, 97 S. Ct. at 1495. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003).

Defendant Roundtree contends that Plaintiff provides no proof that he sent an informal grievance to him. Defendant Roundtree avers that he did not originally receive

6

Plaintiff's informal grievance through the prison mail system, as is alleged. Defendant Roundtree asserts that Plaintiff did not follow SOP in filing his informal grievance.

Plaintiff contends that he mailed Defendant Roundtree his informal grievance regarding his claims of assault. Plaintiff avers that Defendant Roundtree failed to file his informal grievance on his behalf. Plaintiff alleges that several months later, Defendant Roundtree informed him that he did not receive his informal grievance. Plaintiff asserts that Defendant Roundtree did not follow SOP and violated his constitutional rights to access the courts.

Based on the evidence of record, Plaintiff did not follow proper SOP when filing his informal grievance. Plaintiff specifically states that he mailed his informal grievance to Defendant Roundtree. However, Plaintiff has provided no proof, such as the receipt which prison officials are required to provide, that Defendant Roundtree received his informal grievance. In his affidavit, Defendant Roundtree specifically states that he did not receive an informal grievance via the institutional mail system. (Doc. No. 46, Def.'s Ex. E.) The SOP does not provide for mailing informal grievances to prison officials. (See generally id., Def.'s Ex. A.) Plaintiff's bare allegation regarding Defendant's refusal to address his informal grievance is further undercut by Defendant Roundtree's willingness to process Plaintiff's subsequent formal grievance. This subsequent formal grievance also failed to follow proper procedure because it listed several incidents on the same form. (Id., Def. Ex. C.) There is no evidence that Defendant Roundtree unconstitutionally impeded Plaintiff's access to the courts. It is unnecessary to address the remaining grounds of Defendants' Motion for Summary Judgment.

7

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment (Doc. No. 38) filed by Plaintiff be **DENIED**. It is also my **RECOMMENDATION** that the Motion for Summary Judgment (Doc. No. 44) filed by Defendants Roundtree, Tompkins, DeVaux, Parker, T. Smith, and Austin be **GRANTED.** The claims against DeVaux, Parker, T. Smith, Tompkins and Austin should be dismissed without prejudice due to Plaintiff's failure to exhaust his administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 24th day of May, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

8

AO 72A
(Rev. 8/82)